**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**ROY JOHNSON,**

       **Plaintiff,**

                                            **No: 05-73924**

**-v-**                                           **Honorable Denise Page Hood**

**CITY OF PONTIAC**, a political subdivision
of the State of Michigan,

       **Defendant.**
                                                /

**ORDER GRANTING DEFENDANT'S MOTION IN LIMINE**

**I.    INTRODUCTION**

This matter is before the Court on Defendant's Motion in Limine to Exclude Irrelevant Evidence (Dkt. # 39, filed on July 13, 2007). The parties are scheduled for trial on January 15, 2008. In its Motion, Defendant seeks to exclude all evidence related to: (1) the City of Pontiac's policy of staffing its officers to permanent light duty positions in the 1970s and 1980s; (2) the Plaintiff's ability to perform the essential functions of the position of patrol officer for another city's police department; and (3) the Plaintiff's claim that he is "regarded as" disabled pursuant to 42 U.S.C. § 12102(2)(C).

Plaintiff filed a Response on August 10, 2007. Defendant filed a Reply on August 24, 2007. A hearing on Defendant's Motion was held on September 12, 2007.

**II.    APPLICABLE LAW**

Federal Rule of Evidence 402 permits the admission of relevant evidence and precludes the

admission of irrelevant evidence at trial. Fed. R. Evid. 402. Relevant evidence is evidence:

> having any tendency to make the existence of any fact that is one of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Fed. R. Evid. 401.

**III.    ANALYSIS**

As to the first area of disputed evidence, Pontiac's historical policy of staffing officers to permanent light duty positions, Defendant argues that the practices of previous Pontiac Police Department chiefs are not relevant to Plaintiff's disability discrimination claim, because every police chief is permitted to staff the department as he sees fit. (Def.'s Mot., at 6.) Defendant concedes that the manner in which Chief Rollie Gackstetter, Pontiac's Chief at the time of Plaintiff's retirement, staffed officers to permanent light duty positions is relevant to the instant suit. Defendant asserts, however, that Chief Gackstetter maintained a consistent policy of not staffing officers to permanent light duty positions during his tenure as Chief, (*id.*,) from January 2002 to December 2005. (Dkt. # 22-7, at 3.)

Plaintiff does not refute Defendant's allegation that Chief Gackstetter maintained a consistent policy of not staffing officers to permanent light duty positions. Rather, Plaintiff argues that Chief Gackstetter's policy was not consistent with the policies of various chiefs before Chief Gackstetter, some of whom staffed officers to permanent light duty positions. (Pl.'s Resp., at 3-4.) The period in which Plaintiff claims that Pontiac staffed officers to permanent light duty positions includes the 1970s and 1980s. (Dkt. # 22-7, at 9.)

The Court concludes that the policies of various chiefs before Chief Gackstetter in staffing officers to permanent light duty positions are not relevant to Plaintiff's disability claim. Even if

2

Pontiac Police officers of the 1970s and 1980s were staffed to permanent light duty positions, this fact would not make the question of whether Defendant impermissibly discriminated against Plaintiff by not staffing him to a permanent light duty position – in 2005 – more probable or less probable. Accordingly, Defendant's request to exclude such evidence must be granted. *See* Fed. R. Evid. 402. The Court would like to emphasize, however, that any evidence regarding the manner in which Chief Gackstetter staffed officers to permanent light duty positions is relevant to the instant suit and therefore admissible.

As to the second area of disputed evidence, essential job functions, Defendant argues that the factors under 42 U.S.C. § 12111(8) and 29 C.F.R. 1630.2(n)(3) do not allow for the consideration of the essential job functions of other police departments.[1] (Def.'s Mot., at 7-8.) Therefore, any evidence regarding the essential duties of a Clarkston Police Department[2] officer, a position for which Plaintiff claims he is qualified, is not relevant to whether Plaintiff is qualified to be an officer of the Pontiac Police Department. (*Id.* at 8.) On the other hand, Plaintiff argues that the fact that he is able to perform the essential functions of patrol officer at the Clarkston Police Department has a tendency to prove that he is capable of performing the position of Sergeant

---

[1] The 42 U.S.C. § 12111(8) factors include the employer's judgment and the position's written job description. *See* 42 U.S.C. § 12111(8). The 29 C.F.R. 1630.2(n)(3) factors include the 42 U.S.C. § 12111(8) factors, in addition to: the amount of time spent on the job performing the function; the consequences of not requiring the incumbent to perform the function; the terms of a collective bargaining agreement; the work experience of past incumbents in the job; and/or the current work experience of incumbents in similar jobs. *See* 29 C.F.R. 1630.2(n)(3).

[2] Defendant's Motion makes reference to the Waterford Police Department and not the Clarkston Police Department. However, Defendant's Reply Motion, and Plaintiff's Response Motion, make reference to the Clarkston Police Department. The distinction is not important with respect to the Court's analysis. Nevertheless, the opinion does not make reference to the Waterford Police Department.

Detective within the Pontiac Police Department.

The Court concludes that Plaintiff's ability to perform the essential functions of patrolman within another police department is not relevant to the issue of whether Plaintiff can perform the essential functions of Sergeant Detective within the Pontiac Police Department, for two reasons. First, the positions of patrolman and Sergeant Detective are distinctive on their face. Second, 42 U.S.C. § 12111(8) and 29 C.F.R. § 1630.2(n)(3) grant employers substantial leeway in determining what functions are essential to a position. *See* 42 U.S.C. § 12111(8); 29 C.F.R. § 1630.2(n)(3); *Hamlin v. Charter Tp. of Flint*, 942 F. Supp. 1129, 1138-39 (E.D. Mich. 1996). A plaintiff may challenge a defendant's assertion that certain job duties are essential to a position, but to do so, a plaintiff must offer evidence to support the 29 C.F.R. § 1630.2(n)(3) factors. *Hamlin*, 942 F. Supp. at 1139.

Here, Plaintiff does not attempt to offer any evidence with respect to the 29 C.F.R. § 1630.2(n)(3) factors. For instance, Plaintiff does not attempt to challenge the assertion that a Pontiac officer must be able to run or make sudden movements as did the plaintiff in *Hamlin*. *Id.* Plaintiff's assertion that he can perform the essential functions of patrolman within another police department is not relevant to his ability to perform the essential functions of Sergeant Detective within the Pontiac Police Department. Accordingly, Defendant's request to exclude such evidence must be granted. *See* Fed. R. Evid. 402. The Court would like to emphasize, however, that any evidence regarding whether running and making sudden movements are within the essential duties of every Pontiac police officer is relevant and therefore admissible.

As to the third area of disputed evidence, Plaintiff's "regarded as" ADA claim, Defendant argues that Plaintiff should not be allowed to raise this claim at trial because Plaintiff did not include

it in the Complaint and that Plaintiff has no evidence of such claim. (Def.'s Mot., at 8-9.) Plaintiff argues that his allegation of disability discrimination in the Complaint does not exclude a "regarded as" ADA claim. (Pl.'s Resp., at 4-5.) There are two ways for a plaintiff to satisfy the "regarded as" test for disability: (1) if the employer mistakenly believes that the plaintiff has a physical impairment that substantially limits one of more major life activities, or (2) if the employer mistakenly believes that an actual, non-limiting impairment substantially limits one or more major life activities. *Sutton v. United Airlines, Inc.*, 527 U.S. 471, 489 (1999); *MX Group, Inc. v. City of Covington*, 293 F.3d 326, 340 (6th Cir. 2002). To assert a "regarded as" prong, a plaintiff can invoke the ADA's protections even if he is not in fact disabled, because the Defendant's state of mind is at issue. *MX Group, Inc.*, 293 F.3d at 340.

The Court finds merit in Defendant's arguments and notes that this issue was addressed in the Court's March 30, 2007 Order ("Order"), which denied Defendant's Motion for Summary Judgment. In that Order, the Court foreclosed Plaintiff from raising a "regarded as" ADA claim. (Order, at 5-6.) Accordingly, Defendant's request to exclude such evidence must be granted. *See* Fed. R. Evid. 402. The Court would like to emphasize, however, that any evidence regarding whether Plaintiff is disabled under 42 U.S.C. §§ 12102(2)(A) and (B) is relevant and therefore admissible.

As a final note, the Court addresses the issue of whether Plaintiff's inability to run or make sudden movements constitutes a substantial impairment of a major life activity pursuant to 42 U.S.C. § 12102(2)(A). In its prior Order, the Court held that a question of material fact remained as to whether Plaintiff's limitations substantially impaired a major life activity. (Order, at 6.) To further clarify the Order, the Court notes that a question of material fact remains as to whether Plaintiff's

limitations substantially impair the major life activity of working. The Court makes this clarification, because the Complaint only implicates the major life activity of working. Accordingly, the parties may introduce evidence with respect to the limited issue of whether Plaintiff's inability to run or make sudden movements substantially impairs his ability to work.

## IV. CONCLUSION

For the reasons stated above,

IT IS ORDERED that Defendant's Motion in Limine to Exclude Irrelevant Evidence (Dkt. # 39, filed on July 13, 2007) is GRANTED.

IT IS FURTHER ORDERED that any evidence regarding the policies of various chiefs before Chief Gackstetter in staffing officers to permanent light duty positions is not admissible at trial, and that any evidence regarding the policies of Chief Gackstetter in staffing officers to permanent light duty positions is admissible at trial.

IT IS FURTHER ORDERED that any evidence regarding the essential duties of positions within any police department other than the Pontiac Police Department is not admissible at trial, and that any evidence regarding whether running and making sudden movements are within the essential duties of every Pontiac police officer is admissible at trial.

IT IS FURTHER ORDERED that any evidence regarding whether Plaintiff is disabled under 42 U.S.C. §§ 12102(2)(C) is not admissible at trial, and that any evidence regarding whether Plaintiff is disabled under 42 U.S.C. §§ 12102(2)(A) and (B) is admissible at trial.

IT IS FURTHER ORDERED that any evidence regarding the limited issue of whether Plaintiff's inability to run or make sudden movements substantially impairs his ability to work is admissible at trial.

s/ DENISE PAGE HOOD
								DENISE PAGE HOOD
								United States District Judge

DATED: January 11, 2008


I hereby certify that a copy of the foregoing document was served upon counsel of record on January 11, 2008, by electronic and/or ordinary mail.

								S/William F. Lewis
								Case Manager